UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CLEAN LABEL PROJECT FOUNDATION<br><br>　Plaintiff,<br><br>　　v.<br><br>GARDEN OF LIFE, LLC,<br><br>　Defendant. | Case No. Case No. 20-cv-03229-RC<br><br>Hon. Rudolph Contreras |

**<u>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION</u>**

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---:|
| INTRODUCTION | | 1 |
| ARGUMENT | | 2 |
| I. | *Animal Legal Defense* Has No Impact On the Court's Analysis Because Article III Standing Is a Matter of Federal Law. | 2 |
| II. | Plaintiff's Motion for Reconsideration Is Procedurally Improper. | 3 |
| | A. Rule 59(e) Is Not Applicable Because the Motion Identifies No Intervening Change in The Law, No Error of Law or Fact, and No Manifest Injustice. | 3 |
| | B. Rule 60 Does Not Apply Because There Was No Mistake, Inadvertence, Surprise or Neglect. | 5 |
| | C. Plaintiff Cannot Request Remand for the First Time In a Motion for Reconsideration. | 6 |
| III. | Even If the Court Now Finds There Is Standing Under Federal Law, It Should Dismiss the Case On First Amendment and Primary Jurisdiction Grounds. | 7 |
| IV. | Conclusion | 9 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ackermann v. United States*,
   340 U.S. 193 (1950) ................................................................................................6

*Am. Trucking Ass'ns v. Frisco Transp. Co.*,
   358 U.S. 133 (1958) ................................................................................................5

*Animal Legal Defense Fund v. Hormel Foods Corp.*,
   No. 19-cv-0397 (D.C. Ct. App. Sept. 2, 2021) ...............................................1, 2, 3, 4

*Anyanwutaku v. Moore*,
   151 F.3d 1053 (D.C. Cir. 1998) ...............................................................................3

*Bennett v. Donovan*,
   No. 11-0498, 2011 WL 13262712 (D.D.C. Sept. 22, 2011) .......................................3

*Bond v. U.S. Dep't of Justice*,
   286 F.R.D. 16 (D.D.C. 2012) ...................................................................................4

*District of Columbia v. Doe*,
   611 F.3d 888 (D.C. Cir. 2010) .................................................................................6

*Dyson v. District of Columbia*,
   710 F.3d 415 (D.C. Cir. 2013) .................................................................................3

*Erie R.Co. v. Tompkins*,
   304 U.S. 64 (1938) ..................................................................................................2

*Exxon Shipping v. Baker*,
   554 U.S. 471 (2008) ................................................................................................8

*Firestone v. Firestone*,
   76 F.3d 1205 (D.C. Cir. 1996) .................................................................................3

*Gonzalez v. Crosby*,
   545 U.S. 524 (2005) ................................................................................................6

*Good Luck Nursing Home, Inc. v. Harris*,
   636 F.2d 572 (D.C.Cir.1980) ...................................................................................6

*GSS Grp. Ltd. v. Nat'l Port Auth.*,
   680 F.3d 805 (D.C.Cir.2012) ...................................................................................6

*Hagy v. Demers & Adams*,
  882 F.3d 616 (6th Cir. 2018) ...................................................................................................2

*Hollingsworth v. Perry*,
  570 U.S. 693 (2013)..................................................................................................................2

*Kattan ex rel. Thomas v. District of Columbia*,
  995 F.2d 274 (D.C. Cir. 1993) ..................................................................................................7

*Kramer v. Gates*,
  481 F.3d 788 (D.C. Cir. 2007) ..................................................................................................6

*Lardner v. FBI*,
  875 F. Supp. 2d 49 (D.D.C. 2012) ............................................................................................4

*Lightfoot v. District of Columbia*,
  355 F. Supp. 2d 414 (D.D.C. 2005) ..........................................................................................4

*Messina v. Krakower*,
  439 F.3d 755 (D.C. Cir. 2006) ..................................................................................................3

*Miller v. Redwood Toxicology Lab., Inc.*,
  688 F.3d 928 (8th Cir. 2012) ....................................................................................................2

*Organic Consumers Ass'n v. Hain Celestial Grp., Inc.*,
  285 F. Supp. 3d 100 (D.D.C. 2018) ..........................................................................................8

*Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*,
  866 F.2d 228 (7th Cir. 1988) ....................................................................................................4

*Patton Boggs LLP v. Chevron Corp.*,
  683 F.3d 397 (D.C. Cir. 2012) ..................................................................................................7

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985)..................................................................................................................2

*Physicians' Educ. Network, Inc. v. Dep't of Health, Educ. & Welfare*,
  653 F.2d 621 (D.C. Cir. 1981) ..................................................................................................8

*Risenhoover v. United States Dep't of State*,
  No. CV 19-715 (BAH), 2020 WL 5416626 (D.D.C. Sept. 2, 2020), *aff'd*, No.
  20-5276, 2020 WL 8773055 (D.C. Cir. Dec. 22, 2020) ............................................................8

*Ross v. AXA Equitable Life Ins. Co.*,
  115 F. Supp. 3d 424 (S.D.N.Y. 2015), *aff'd*, 680 F. App'x 41 (2d Cir. 2017).........................2

*SEC v. Bilzerian*,
  729 F. Supp. 2d 9 (D.D.C. 2010) ..............................................................................................7

*Slate v. Am. Broad. Companies, Inc.*,
   12 F. Supp. 3d 30 (D.D.C. 2013) ............................................................................... 4, 5, 6

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016) ........................................................................................................ 1, 3

*U.S. Commodity Futures Trading Comm'n v. McGraw–Hill Cos., Inc.*,
   403 F. Supp. 2d 34 (D.D.C. 2005) ..................................................................................... 7

*Warth v. Seldin*,
   422 U.S. 490 (1975) ........................................................................................................... 8

**<u>Other Authorities</u>**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 8, 9

Fed. R. Civ. P. 59(b) ..................................................................................................................... 5

Fed. R. Civ. P. 59(e) ............................................................................................................. *passim*

Fed. R. Civ. P. 60(a) ................................................................................................................. 5, 6

Fed. R. Civ. P. 60(b) ................................................................................................................. 5, 6

U.S. Const., amend. 1 ............................................................................................................... 2, 8

13B Wright & Miller, Federal Practice and Procedure § 3531.14 (3d ed. 2017) ........................... 2

**INTRODUCTION**

In its Memorandum Opinion Granting Garden of Life's Motion to Dismiss ("Order"), the Court properly held that Plaintiff Clean Label Project Foundation failed to allege injury in fact and thus lacked Article III standing to bring this lawsuit. *See* ECF No. 15.

Plaintiff now asks the Court to reconsider its Order on the basis of *Animal Legal Defense Fund v. Hormel Foods Corp.*, No. 19-cv-0397 (D.C. Ct. App. Sept. 2, 2021), which Plaintiff characterizes as an "intervening change of controlling law." Motion for Reconsideration ("Motion"), ECF No. 16, at 6, 9.

The Motion should be denied. *Animal Legal Defense* is not "intervening" authority—it came down three weeks *before* this Court's decision. It is also not "controlling" authority because, as the Court explained in its Order, Article III standing is a matter of federal law, not state law. Order, at 12-13 n.6. It certainly does not—indeed, could not—render *Spokeo, Inc. v. Robins*, 587 U.S. 330 (2016) an "error of law," as Plaintiff argues. *Animal Legal Defense* does not warrant reconsideration; it is irrelevant to this Court's Article III standing analysis.

The Motion is also procedurally improper. Plaintiff purports to seek reconsideration under Rule 59 or 60 of the Federal Rules of Civil Procedure, but fails to identify any permissible basis for reconsideration under either of those rules. This independently supports denial of the Motion. Likewise, Plaintiff seeks reconsideration of the relief afforded, asking this court to remand, but such relief was never requested in the more than nine months that the Motion to Dismiss (ECF No. 7) was pending, and it cannot be sought now via reconsideration.

Lastly, Plaintiff, represented by new counsel since the briefing on the Motion to Dismiss, asks the Court to consider new evidence in support of its supposed organizational standing under federal law. This evidence should be disregarded. But even if the Court determines to consider it, and concludes that the standard for organizational standing has been met, the Court should

Defendant's Opp. to Mot. for Reconsideration
1

still dismiss the complaint on the First Amendment and primary jurisdiction grounds argued in the Motion to Dismiss but not reached by the Court in its Order.

## ARGUMENT

**I.** ***Animal Legal Defense*** **Has No Impact On the Court's Analysis Because Article III Standing Is a Matter of Federal Law.**

The theory espoused in Plaintiff's Motion is that this Court is sitting in diversity and should therefore apply state law, and that if that is done, *Animal Legal Defense* demonstrates that Plaintiff has standing to sue. Mot. at 12 (asserting that *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), requires that "if federal standing involves an assessment of the merits of plaintiff's claim, the standing of the plaintiff who invokes state law must depend on state law.").

That theory is patently wrong. "[S]tanding in federal court is a question of federal law, not state law." *Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013); *see also Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 933 (8th Cir. 2012) ("Standing to sue in any Article III court is, of course, a federal question which does not depend on the party's ... standing in state court.") (citing *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 804 (1985)). Thus, "whether a state law authorizes standing, or whether a plaintiff has standing to bring suit in state court more generally, is irrelevant to the Article III analysis." *Ross v. AXA Equitable Life Ins. Co.*, 115 F. Supp. 3d 424, 434 (S.D.N.Y. 2015), *aff'd*, 680 F. App'x 41 (2d Cir. 2017); *Hagy v. Demers & Adams*, 882 F.3d 616, 624 (6th Cir. 2018) ("'Of course state rules that recognize standing need not be honored [in federal courts] if Article III requirements are not met.'") (quoting 13B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3531.14 (3d ed. 2017)).

The Court recognized this in its Order, noting that "[i]t goes without saying that the Court must follow Supreme Court precedent on this issue over the opinions of the D.C. Superior Court in matters of the Court's very authority to hear cases." Order at 12-13 n.6. As a result, a state

Court decision, even one from the D.C. Court of Appeals, cannot change and is in fact irrelevant to this Court's analysis of Article III standing.

Plaintiff goes so far as to argue that the United States Supreme Court's decision in *Spokeo, Inc. v. Robins*, 587 U.S. 330 (2016) is "an error of law" in light of *Animal Legal Defense*, and that *Animal Legal Defense* has "completely removed the traditional Article III, injury-in-fact requirement from qualifying for standing under Section (k)(1)(D)." Mot. at 27. Plaintiff is simply wrong. The D.C. Court of Appeals' interpretation of standing within the D.C. courts under the statute does not "remove the traditional Article III, injury-in-fact requirement" from *this* Court's consideration of its subject matter jurisdiction. Plaintiff's argument bespeaks a misunderstanding of fundamental principles of Constitutional law and federalism, and should be disregarded. The motion for reconsideration should be denied.

## II. Plaintiff's Motion for Reconsideration Is Procedurally Improper.

### A. Rule 59(e) Is Not Applicable Because the Motion Identifies No Intervening Change in The Law, No Error of Law or Fact, and No Manifest Injustice.

A motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure is discretionary and "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower,* 439 F.3d 755, 758 (D.C. Cir. 2006) (quoting *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Such motions are "disfavored" and only granted "when the moving party establishes extraordinary circumstances." *Bennett v. Donovan*, No. 11-0498, 2011 WL 13262712, at *1 (D.D.C. Sept. 22, 2011) (citation omitted). A district court's denial of a request for reconsideration is reviewed for abuse of discretion. *See Dyson v. District of Columbia,* 710 F.3d 415, 420 (D.C. Cir. 2013); *Messina,* 439 F.3d at 759; *Anyanwutaku v. Moore,* 151 F.3d 1053, 1058 (D.C. Cir. 1998).

To constitute "clear error" within the meaning of Rule 59(e), courts apply "'a very exacting standard.'" *Bond v. U.S. Dep't of Justice*, 286 F.R.D. 16, 22 (D.D.C. 2012) (quoting *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005)). The "final judgment must be 'dead wrong' to constitute clear error." *Lardner v. FBI*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). "[M]anifest injustice" is an "exceptionally narrow concept in the context of a Rule 59(e) motion." *Slate v. Am. Broad. Cos.*, 12 F. Supp. 3d 30, 35 (D.D.C. 2013).

Plaintiff asks this Court to "reconsider its order of dismissal under new controlling intervening law and manifest injustice and error of law and facts." Mot. at 9. However, the Motion fails to show that any of these circumstances exists.

There has been no intervening change of controlling law. There is no "intervening" authority because, as Plaintiff's own brief concedes, *Animal Legal Defense* was decided three weeks before the Court issued its order in this case. Plaintiff therefore had ample time to file a notice of supplemental authority, apprising the Court of the decision and explaining its supposed impact. Plaintiff elected not to do so. Plaintiff cites no cases in which a motion for reconsideration was based on a decision made three weeks prior to the order at issue. *Animal Legal Defense* also cannot be "controlling" in the context of a federal court's analysis of its own subject matter jurisdiction. *See* Part I, *supra*.

There has also been no error of law or fact. Plaintiff asserts in conclusory fashion that Defendant's Motion to Dismiss "misstated the facts of Plaintiff's claims and misapplied legal standards concerning the proper standing . . . that led to errors of law and facts in the September 23, 2021 Order." Mot. at 6. But the Motion fails to actually identify any such misstatements of law or fact, explain why Plaintiffs did not (or could not) adequately address those alleged

misstatements in its own opposition to the motion, or show that the Court relied on any such misstatements in making its decision. This basis for reconsideration has thus not been properly raised. Likewise, while the Motion references "manifest injustice" as a basis for reconsideration, it contains no argument for why the Court's dismissal order meets that "exceptionally narrow" standard. *Slate*, 12 F. Supp. 3d. at 35. Plaintiff's Motion therefore does not assert any of the permissible bases for reconsideration under Rule 59(e).

### B. Rule 60 Does Not Apply Because There Was No Mistake, Inadvertence, Surprise or Neglect.

Federal Rule of Civil Procedure 60(a) permits the court to "correct a clerical mistake or a mistake arising from oversight or omission." Fed. R. Civ. P. 60(a). However, the power "to correct inadvertent ministerial errors may not be used as a guise for changing previous decisions." *Am. Trucking Ass'ns v. Frisco Transp. Co.,* 358 U.S. 133, 146, (1958). Although Plaintiff invokes Rule 60(a), the Motion identifies no "clerical mistake" or mistake "arising from oversight." Thus, to the extent the Motion is based on Rule 60(a), it should be denied.

Rule 60(b) provides that the court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). The Motion identifies no instance of mistake, inadvertence, surprise, or excusable neglect, and nor does it assert the

Defendant's Opp. to Mot. for Reconsideration
5

existence or discovery of new evidence, fraud, voidness, satisfaction, or inequity. The grounds for relief set out in rule 60(b)(1)-(5) thus do not apply.

The Supreme Court has held that courts should grant rule 60(b)(6) motions only in "extraordinary circumstances." *Ackermann v. United States,* 340 U.S. 193, 199 (1950); *see also Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005). The D.C. Circuit has also observed that "Rule 60(b)(6) 'should be only sparingly used' and may not 'be employed simply to rescue a litigant from strategic choices that later turn out to be improvident.'" *Kramer v. Gates,* 481 F.3d 788, 792 (D.C. Cir. 2007) (quoting *Good Luck Nursing Home, Inc. v. Harris,* 636 F.2d 572, 577 (D.C. Cir. 1980)). Indeed, even an intervening change in case law is insufficient to meet the extraordinary circumstances standard application to Rule 60(b)(6). *Slate*, 12 F. Supp. 3d at 36 (citing *Gonzalez,* 545 U.S. at 536–38).

In this case, Plaintiff has not identified any "extraordinary circumstances" that would warrant the invocation of Rule 60(b)(6). Instead, the Motion is based on a so-called "intervening change of controlling law" that is neither intervening nor controlling, as discussed *supra*, and would not constitute "extraordinary circumstances" even if it were. *Slate*, 12 F. Supp. 3d at 36. Plaintiff has thus failed to identify any basis for invoking Rule 60(a) or Rule 60(b).

### C. Plaintiff Cannot Request Remand for the First Time In a Motion for Reconsideration.

"[A]n issue presented for the first time in a motion pursuant to Federal Rule of Civil Procedure 59(e) generally is not timely raised." *District of Columbia v. Doe*, 611 F.3d 888, 896 (D.C. Cir. 2010); *see also GSS Grp. Ltd. v. Nat'l Port Auth.*, 680 F.3d 805, 812 (D.C. Cir. 2012) (noting that "Rule 59(e) motions are aimed at reconsideration, not initial consideration," and that arguments raised for the first time on a Rule 59(e) motion may be deemed waived).

Thus, "Rule 59(e) is not a vehicle to present a new legal theory that was available prior to judgment," *see Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012), and neither is it "a chance for [a party] to correct poor strategic choices." *SEC v. Bilzerian*, 729 F. Supp. 2d 9, 15 (D.D.C. 2010); *see also Kattan ex rel. Thomas v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993) ("[T]his Court has recognized that a losing party may not use a Rule 59 motion to raise new issues that could have been raised previously."). The strictness of this view is justified by the need to "protect both the integrity of the adversarial process in which parties are expected to bring all arguments before the court, and the ability of the parties and others to rely on the finality of judgments." *U.S. Commodity Futures Trading Comm'n v. McGraw–Hill Cos., Inc.*, 403 F. Supp. 2d 34, 36 (D.D.C. 2005).

In this case, as the Court recognized, Defendant did not seek remand. Order at 4 n.1. This is true even though, as the Court also noted, Plaintiff did seek remand in other similar cases in this same District. *Id*. It is thus apparent that Plaintiff sought to pursue separate strategic avenues in separate cases, perhaps with the hope of litigating in parallel in separate fora. It is only now, more than nine months after the Motion to Dismiss was filed, and after Plaintiff's substantive arguments for standing have been rejected, that it has sought this alternate form for relief. This is the definition of an "issue[] that could have been raised previously" and a "strategic choice" that Plaintiff now apparently regrets. *Kattan*, 995 F.2d at 276; *Bilzerian*, 729 F. Supp. 2d at 15. Plaintiff should not be permitted to seek reconsideration of an issue it never raised in the first place and that was not discussed in the Order at issue.

### III. Even If the Court Now Finds There Is Standing Under Federal Law, It Should Dismiss the Case On First Amendment and Primary Jurisdiction Grounds.

In addition to asserting an intervening change in controlling law, Plaintiff's motion for reconsideration includes a declaration purporting to provide the Court with additional facts

regarding Plaintiff's organizational standing. ECF No. 16-6 (declaration of Jaclyn Bowen). This is inappropriate, as Plaintiff cannot submit evidence in connection with a motion for reconsideration that it could have submitted previously. *Risenhoover v. U.S. Dep't of State*, No. CV 19-715 (BAH), 2020 WL 5416626, at *1 (D.D.C. Sept. 2, 2020) (holding that "a motion to reconsider 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment'") (quoting *Exxon Shipping v. Baker*, 554 U.S. 471, 486 n.5 (2008), *aff'd*, No. 20-5276, 2020 WL 8773055 (D.C. Cir. Dec. 22, 2020)).

Nevertheless, if the Court determines to consider the new declaration,[1] it may find that the allegations in ¶¶ 13-16 of the Bowen Declaration suffice to establish organizational standing consistent with *Organic Consumers Ass'n v. Hain Celestial Grp., Inc.*, 285 F. Supp. 3d 100, 102-03 (D.D.C. 2018), e.g., because Plaintiff has diverted resources from its programmatic mission to address the alleged actions of Defendant. But in that event, the Court should still dismiss the case pursuant to Rule 12(b)(6), on the alternate grounds set forth in Defendant's Motion to Dismiss. *See* ECF No. 7-1 at 12-17 (First Amendment) and 17-22 (primary jurisdiction).

In so doing, however, the court should disregard the substantive briefing on these issues contained in Plaintiff's Motion for Reconsideration. *See* Mot. at 22-24 (First Amendment) and 25-27 (primary jurisdiction). This is because Plaintiff already had a complete opportunity to respond to these grounds for dismissal, and indeed did so. *See* ECF No. 10-0 at 12-20 (First Amendment) and 20-25 (primary jurisdiction). Furthermore, in granting Garden of Life's Motion to Dismiss for lack of subject matter jurisdiction, the Court did not reach Garden of

---

[1] The Court has discretion to consider the Bowen Declaration as "new evidence" for purposes of Rule 59(e), or to decide to consider it for purposes of the Court's Article III analysis. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975) ("[I]t is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing."); *Physicians' Educ. Network, Inc. v. Dep't of Health, Educ. & Welfare*, 653 F.2d 621, 626 (D.C. Cir. 1981) (same).

Life's arguments on these points. Order at 4 n.2 ("Because the Court will grant dismissal on the basis of Garden of Life's motion to dismiss for lack of subject matter jurisdiction, it need not lay out the relevant standard governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim."). There is accordingly nothing to reconsider regarding these arguments, and the supplemental briefing submitted by Plaintiff in this Motion constitutes an improper sur-reply, and an untimely one at that. Garden of Life requests that, if the Court finds that Plaintiff has organizational standing and considers the merits of Garden of Life's Rule 12(b)(6) arguments, it should disregard the briefing on those issues improperly included in the Motion for Reconsideration. Alternatively, Garden of Life requests the opportunity to separately respond to Plaintiff's newly-raised arguments on these issues.

## IV. Conclusion

For the foregoing reasons, Garden of Life respectfully requests that the Motion be denied. Alternatively, if the Motion is granted and the Court finds that Plaintiff has organizational standing under Article III, Garden of Life requests that the case be dismissed pursuant to Rule 12(b)(6) on the grounds set forth in Garden of Life's Motion to Dismiss.

Dated: November 4, 2021                     Respectfully submitted,

/s/ Trenton H. Norris

Trenton H. Norris (D.C. Bar No. 442081)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
(415) 471-3100
Fax: (415) 471-3400
Trent.Norris@arnoldporter.com

Lori B. Leskin (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000

Fax: (212) 836-8689
Lori.Leskin@arnoldporter.com

*Counsel for Defendant Garden of Life, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November, 2021, a true copy of the foregoing was served on all counsel of record via the Court's electronic filing system.

/s/ *Trenton H. Norris*
Trenton H. Norris
